# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-30698
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
August 11, 2023

Lyle W. Cayce
Clerk

Willie E. Berry, Jr.,

*Plaintiff—Appellant*,

*versus*

Nicholas J. Sanders, *Major*,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:17-CV-318

_____

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

William E. Berry, Jr., Louisiana prisoner # 354431, sued Nicholas J. Sanders, an employee of the Louisiana Department of Public Safety and Corrections (DPSC), under 42 U.S.C. § 1983, alleging that Sanders had used excessive force. A jury rendered a verdict in Sanders's favor. Berry moved for a new trial, alleging that during discovery, DPSC had produced two

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30698

versions of the same logbook that differed in material ways, including as to the identities of officers assigned to his unit on the day of the incident. *See generally* FED. R. CIV. P. 59(a). The district court denied relief, concluding that Berry had not shown that the jury's verdict was against the clear weight of the evidence, because he brought the discrepancies to the jury's attention at trial and its verdict was based on a credibility determination. Berry appeals the denial of postjudgment relief. He does not challenge the jury's verdict.

Berry fails to show that the district court abused its discretion. *See Seibert v. Jackson Cnty., Mississippi*, 851 F.3d 430, 438 (5th Cir. 2017). Critically, Berry does not identify any error in the district court's dispositive finding that he could not show prejudice because the jury was aware of the discrepant records when it rendered its verdict or otherwise explain how he was prejudiced.

The judgment is accordingly AFFIRMED.